# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Civil Case Number: _____

| | |
|---|---|
| Kristin Huff, *on behalf of herself and all others similarly situated*,<br><br>                 Plaintiff,<br>v.<br><br>DISH Network, LLC<br><br>                 Defendant. | **CLASS ACTION COMPLAINT** |

For her Class Action Complaint, Plaintiff, Kristin Huff, by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Kristin Huff ("Plaintiff"), brings this class action for damages resulting from the illegal actions of DISH Network, LLC ("DISH" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed automated and prerecorded calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. DISH is one of the country's largest television service providers, with more than 13 million subscribers. *See* http://about.dish.com/company-info (last visited Jan. 26, 2018).

3. DISH operates an aggressive contact schedule which bombards unsuspecting consumers, with whom it has no relationship, with robocalls and prerecorded messages.

4. Plaintiff is such a consumer. She is not a DISH subscriber yet has been bombarded with autodialed and pre-recorded calls made without her consent and over her

explicit objection.

5. Plaintiff seeks relief for herself and all others similarly situated for DISH's unlawful behavior.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

7. Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $500 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

8. The Court has personal jurisdiction over DISH as DISH regularly conducts business within this District. *See* https://www.dish.com/locations/fl.html (last visited Jan. 26, 2018) ("DISH is a leading satellite TV provider serving the entire state of Florida . . . .").

9. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, an adult individual residing in New Port Richey, Florida.

11. DISH is a Colorado corporation with its principal place of business located at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

12. Plaintiff is not a DISH subscriber, has never had a business relationship with DISH and never consented to be contacted by DISH on her cellular telephone.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

13. The TCPA regulates, among other things, the use of automated telephone dialing systems.

14. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

15. 47 U.S.C. § 227(b)(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

16. DISH has repeatedly placed calls using an ATDS and containing a prerecorded and/or artificial voice to Plaintiff's cellular telephone (813) XXX-2651.

17. Plaintiff's number was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

18. DISH calls Plaintiff from telephone number (877) 611-0614.

19. DISH has inserted Plaintiff's telephone number in an automated calling campaign to further its efforts to contact "Maria," a person who Plaintiff does not have any relationship with and does not know.

20. DISH has bombarded the Plaintiff with multiple daily automated and prerecorded message calls throughout December 2017 and January 2018.

21. On December 6, 2017 Plaintiff told DISH that she is not "Maria," that Maria cannot be reached at her cellular telephone, and asked DISH to stop calling her.

22. Nevertheless, the calls to Plaintiff at the -2651 number have persisted and continued.

23. At all times mentioned herein, DISH called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1). When Plaintiff answered calls from DISH, she heard a prerecorded greeting in Spanish from DISH before the call would be routed to a live agent. This is indicative of DISH's use of a "predictive dialer."

24. The Federal Communications Commission has defined ATDS under the TCPA to include "predictive dialers." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, at ¶ 12, 2008 WL 65485 (F.C.C.) (2008).

25. In addition, upon information and belief, the hardware and software combination utilized by DISH has the capacity to store and dial sequentially generated numbers, randomly generated numbers or numbers from a database of numbers.

26. Defendant uses prerecorded and artificial messages when it calls the Plaintiff's cellular telephone. As noted, when Plaintiff answers DISH's calls, she hears an artificial and/or prerecorded voice stating in Spanish that the call was from DISH.

27. The same message has been used by the Defendant on multiple occasions.

28. Defendant did not have Plaintiff's prior express consent to place automated calls to Plaintiff on her cellular telephone.

29. Defendant did not have Plaintiff's prior express consent to call Plaintiff using an artificial or prerecorded voice.

## CLASS ACTION ALLEGATIONS

### A. The Class

30. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

31. Plaintiff represents, and is a member of the following two classes:

### Class A

**All persons within the United States to whom DISH or its agent/s and/or employee/s called said person's cellular telephone through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint where such person was not a customer of DISH.**

### Class B

**All persons within the United States to whom DISH or its agent/s and/or employee/s called said person's cellular telephone with an artificial or prerecorded voice within the four years prior to the filing of the Complaint where such person was not a customer of DISH.**

32. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

33. Upon information and belief, Defendant has placed automated and/or prerecorded message calls to cellular telephone numbers belonging to thousands of consumers, after being informed it was calling the wrong party, throughout the United States. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

34. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter

capable of ministerial determination from Defendant's call records.

### C. Common Questions of Law and Fact

35. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These questions include:

    a. Whether Defendant made calls to Plaintiff and Class members' cellular telephones using an ATDS;

    b. Whether Defendant made calls to Plaintiff and Class members' cellular telephones using an artificial or prerecorded voice;

    c. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

    d. Whether Defendant's conduct was knowing willful, and/or negligent;

    e. Whether Defendant is liable for damages, and the amount of such damages; and

    f. Whether Defendant should be enjoined from such conduct in the future.

36. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places automated and prerecorded calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

37. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

38. Plaintiff will fairly and adequately protect the interests of the Classes and has

retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

**F. Proceeding Via Class Action is Superior and Advisable**

39. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against DISH is small because it is not economically feasible for Class members to bring individual actions.

40. Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions. These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

**COUNT I**
**Negligent Violations of the Telephone Consumer Protection Act,**
**47 U.S.C. § 227, *et seq.***

41. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

42. Defendant negligently placed multiple automated and prerecorded/artificial voice calls to cellular numbers belonging to Plaintiff and the other members of the Classes without their prior express consent.

43. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

44. Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages

for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

46. Plaintiff and the Classes are also entitled to and do seek a declaration that:

   a. Defendant violated the TCPA;

   b. Defendant utilized an ATDS to call Plaintiff and the Classes;

   c. Defendant placed artificial and prerecorded voice calls to Plaintiff and the Classes;

   d. Defendant placed automated and artificial and prerecorded voice calls to the Plaintiff and the Classes without prior express consent.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

47. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

48. Defendant knowingly and/or willfully placed multiple automated and prerecorded/artificial voice calls to cellular numbers belonging to Plaintiff and the other members of the Classes without their prior express consent.

49. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

50. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

51. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

52. Plaintiff and the Classes are also entitled to and do seek a declaration that:

   a. Defendant knowingly and/or willfully violated the TCPA;

   b. Defendant knowingly and/or willfully used an ATDS to call Plaintiff and the Classes;

   c. Defendant knowingly and/or willfully placed artificial and prerecorded voice calls to Plaintiff and the Classes;

   d. Defendant willfully placed artificial and prerecorded voice calls to non-customers such as Plaintiff and the Classes, knowing it did not have prior express consent to do so; and

   e. It is Defendant's practice and history to place automated and artificial/prerecorded voice calls to non-customers without their prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Classes the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Declaratory relief as requested;

3. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

4. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

5. An award of attorneys' fees and costs to counsel for Plaintiff; and

6. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 5, 2018

                                       Respectfully submitted,
                                       By  */s/ Tamra Givens*
                                       Tamra Givens, Esq.
                                       LEMBERG LAW, L.L.C.
                                       43 Danbury Road, 3rd Floor
                                       Wilton, CT 06897
                                       Telephone: (203) 653-2250
                                       Facsimile:  (203) 653-3424
                                       Attorneys for Plaintiff